**UNITED STATES of America, Appellee,**

v.

**Olufunsho OLUNLOYO, Appellant.**

**No. 92–3895.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 18, 1993.

Decided Dec. 3, 1993.

Adam Bourgeois, Chicago, IL, argued, for appellant.

Sam C. Bertolet, St. Louis, MO, argued, for appellee.

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BOWMAN, Circuit Judge.

Olufunsho Olunloyo appeals the sentence imposed by the District Court[1] after he pleaded guilty to a three-count indictment. We affirm.

I.

On May 21, 1992, Olunloyo travelled to St. Louis, Missouri, for the purpose of selling heroin. Unbeknownst to Olunloyo, the buyer

---

**1.** The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Mis-  souri.

was an agent of the Drug Enforcement Administration ("DEA"). The parties met in a drugstore parking lot. After the undercover agent displayed the money, Olunloyo handed her two socks containing approximately 224 grams of heroin. At that moment, DEA agents, wearing raid jackets emblazoned with "DEA" and a replica of a badge, advanced to arrest Olunloyo. Olunloyo fled. The agents apprehended him a short distance away. Olunloyo, however, continued to resist arrest by grabbing, kicking and pushing the agents attempting to arrest him. Eventually, the agents subdued him, and he made no further attempts to flee or resist.

In a three-count indictment, Olunloyo was charged with conspiracy to possess with the intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1988), possession with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (1988 & Supp. III 1991), and forcible interference with federal agents during the execution of their duties in violation of 18 U.S.C. § 111 (1988). Olunloyo pleaded guilty to all three counts pursuant to a stipulation of facts and an unconditional plea agreement.

The presentence report ("PSR") computed Olunloyo's base offense level under the United States Sentencing Commission Guidelines (hereinafter "Guidelines" or "U.S.S.G.") [2] as 26.[3] United States Sentencing Commission, *Guidelines Manual,* § 2D1.1 (Nov. 1992). In doing so, it grouped the two drug offenses together pursuant to U.S.S.G. § 3D1.2(d), because the offense level is primarily based on the quantity of drugs involved. The forcible interference conviction was "treated as an [obstruction-of-justice] adjustment to the offense level applicable to [the drug offenses]." PSR at 4. This two-level upward adjustment brought the total offense level to 28. The PSR recommended against a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, which states that where a defendant receives an enhancement for obstruction of justice, a reduction for acceptance of responsibility should not be given

absent "extraordinary" circumstances. U.S.S.G. § 3E1.1, comment. (n. 4).

At the sentencing hearing, Olunloyo objected to the two-level enhancement for obstruction of justice and to the absence of a reduction for acceptance of responsibility. The District Court found no merit in these objections. As to the enhancement, the court noted that Olunloyo pleaded guilty to Count III of the indictment and found that this was an obstruction-of-justice count. The court then found that U.S.S.G. § 3C1.1, comment. (n. 4), which is a non-exhaustive list of examples of conduct that does not warrant an enhancement for obstruction of justice, was inapplicable because in this case there was a separate count of conviction for the obstructive behavior. The District Court also concluded that there were no extraordinary circumstances that would make a reduction for acceptance of responsibility appropriate under U.S.S.G. § 3E1.1. Thus, the District Court, consistent with the PSR, determined that Olunloyo's total offense level was 28, for which the sentencing range is 78 to 97 months. The court then imposed a sentence of 88 months for the drug convictions and a concurrent 36–month sentence, the statutory maximum, for the violation of 18 U.S.C. § 111. Olunloyo appeals his sentence, essentially reasserting the arguments he made in the District Court.

## II.

■ Olunloyo mounts several attacks on the two-level enhancement for obstruction of justice. He first argues that the District Court erred in concluding that his violation of 18 U.S.C. § 111 is a separate count of conviction for obstructive conduct, and that, instead, it should be regarded as a separate count of conviction for assault on federal officers. He contends, therefore, that section 3C1.1 Application Note 4(d) exempts his conduct from enhancement for obstruction. The District Court's conclusion on this issue is one of law; therefore, our review is *de novo. See United States v. Werlinger,* 894 F.2d 1015, 1016 (8th Cir.1990).

---

2. Olunloyo was sentenced in December 1992.

3. Because Olunloyo had no prior convictions, his criminal history category was I.

Section 3C1.1 allows the sentencing court to assess a two-level adjustment to the base offense level where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. The Commentary to this section further elucidates the circumstances under which this enhancement should be levied. Application Note 3 is a non-exhaustive list of examples of conduct to which the enhancement should be applied. Application Note 3 provides nine specific examples of conduct and then states that the "adjustment also applies to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense **where there is a separate count of conviction for such conduct.**" U.S.S.G. § 3C1.1, comment. (n. 3) (emphasis added). Application Note 4 provides "a non-exhaustive list of examples of types of conduct that, **absent a separate count of conviction for such conduct,** do not warrant application of this enhancement." U.S.S.G. § 3C1.1, comment. (n. 4) (emphasis added). Among the conduct listed in Application Note 4 is "avoiding or fleeing from arrest." U.S.S.G. § 3C1.1, comment. (n. 4(d)).

■ Section 111 applies to any person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with a federal officer. 18 U.S.C. § 111(a). Thus, the language of the statute encompasses conduct that properly may be deemed obstructive. In addition, the conclusion that Olunloyo's 18 U.S.C. § 111 conviction may be considered an obstruction-of-justice conviction for Guidelines purposes is buttressed by Congress' aim in enacting the statute. Congress did not intend 18 U.S.C. § 111 to serve merely as a federal aggravated assault statute, *United States v. Feola,* 420 U.S. 671, 683, 95 S.Ct. 1255, 1263, 43 L.Ed.2d 541 (1975), rather, it intended to facilitate the twin purposes of protecting federal officers and preventing hindrances of federal functions. *Id.* at 679, 95 S.Ct. at 1261. *See United States v. Beckner,* 983 F.2d 1380, 1385 (6th Cir.1993) (18

U.S.C. § 111 is "intended to protect federal officers from forcible resistance or interference with their official duties").

Furthermore, the indictment, to which Olunloyo entered an unconditional guilty plea, charged him not with assault but with "forcibly resist[ing], oppos[ing], imped[ing] or interfer[ing] with" two DEA agents. These are clearly obstructive acts, conviction of which constitutes a separate count of conviction for obstructive conduct. Thus, the language of the statute, the Supreme Court's finding in *Feola* concerning Congress' intent, and the offense as charged in the indictment all support the District Court's conclusion that Olunloyo's violation of 18 U.S.C. § 111 was a separate count of conviction for obstructive conduct. Therefore, the conviction is within the description of U.S.S.G. § 3C1.1 Application Note 3 and the obstruction-of-justice enhancement is appropriate.

Olunloyo next argues that his obstruction-of-justice enhancement cannot be predicated upon the 18 U.S.C. § 111 conviction because U.S.S.G. § 3C1.1 requires that the defendant acted willfully to obstruct justice whereas conviction under section 111 requires only a general intent to assault. He bases this argument on language from *United States v. Feola.* Olunloyo's argument is unconvincing for two reasons. First, this Circuit has held that willful intent is an element of 18 U.S.C. § 111. *Potter v. United States,* 691 F.2d 1275, 1280 (8th Cir.1982). Second, *Feola* does not hold otherwise.

In *Potter,* this Court held that a violation of 18 U.S.C. § 111 requires a finding of the following elements: (1) the defendant "forcibly resisted, opposed, impeded, intimidated and[4] interfered with a federal law enforcement officer;" (2) these acts occurred while the officer was engaged in official duties; and (3) the defendant did so willfully. *Potter,* 691 F.2d at 1280. The government has the burden of proving beyond a reasonable doubt each of these elements. Here Olunloyo pleaded guilty to the 18 U.S.C. § 111 violation. During the hearing on Olunloyo's

---

**4.** We note that the statute uses disjunctive rather than conjunctive language, allowing conviction where a defendant "forcibly assaults, resists, op-

poses, impedes, intimidates, or interferes" with a federal officer. 18 U.S.C. § 111(a)(1) (emphasis added).

guilty plea, the District Court carefully questioned Olunloyo to be certain that he committed the acts charged, understood his rights, and fully comprehended the ramifications of his plea. Olunloyo's answers satisfied the court that Olunloyo's plea should be accepted. This plea necessarily included an admission as to each element of the section 111 offense including that he acted willfully.

Our holding in *Potter* that willful conduct is an element of the section 111 offense is not in conflict with the Supreme Court's decision in *United States v. Feola.* The issue in *Feola* was whether knowledge that the person assaulted is a federal officer is a requisite to a violation of 18 U.S.C. § 111. The Court held that "§ 111 cannot be construed as embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer. All the statute requires is an intent to assault, not an intent to assault a federal officer." *Feola,* 420 U.S. at 684, 95 S.Ct. at 1264. The Court did not consider whether willfulness is an element of the section 111 offense. Thus, we are not precluded from holding, as we did in *Potter,* that the defendant must act willfully to violate 18 U.S.C. § 111.

Olunloyo further argues that his conduct in fleeing from the DEA agents and resisting arrest cannot provide the basis for the obstruction-of-justice enhancement because, according to the Guidelines and interpretive case law, mere instinctive flight does not amount to obstruction of justice. This argument is, however, dead on arrival, for it ignores the clear language of U.S.S.G. § 3C1.1 Application Note 3, which makes Olunloyo's separate count of conviction for obstructive conduct a sufficient foundation for the obstruction-of-justice enhancement.

■ Olunloyo also argues that, even if his conduct was obstructive, the two-level enhancement applied by the District Court constitutes "double counting." This is so, he argues, because his conduct in assaulting the officers and resisting arrest, which formed the basis for his conviction and sentence under 18 U.S.C. § 111, was also the basis for the obstruction-of-justice enhancement.

Olunloyo cites *United States v. Lamere,* 980 F.2d 506 (8th Cir.1992), *United States v.* *Lloyd,* 947 F.2d 339 (8th Cir.1991) (per curiam), and *United States v. Werlinger,* 894 F.2d 1015 (8th Cir.1990), as support for his contention that his sentence constitutes "double counting." Olunloyo's reliance on these cases, however, is misplaced. This Court has held that improper "double counting" results where the obstruction-of-justice enhancement is predicated upon conduct that is "coterminous" with the conduct that is the basis for the count of conviction to which the enhancement is applied. *See, e.g., Lamere,* 980 F.2d at 517. In the cases Olunloyo relies upon, the defendants were convicted of only one offense. The base sentencing level for that one offense was then adjusted upward for obstruction of justice on the basis of the very same conduct that formed the basis of their conviction. In contrast, Olunloyo was convicted of three separate counts. After first grouping these counts pursuant to U.S.S.G. § 3D1.2(c), the District Court treated the violation of 18 U.S.C. § 111 as an obstruction-of-justice enhancement to the drug offenses. Thus, the conduct supporting the enhancement, *i.e.,* assaulting the DEA agents and resisting arrest, was not "coterminous" with the conduct upon which the drug convictions were based, *i.e.,* trafficking in heroin. This is not "double counting." Rather, it is the appropriate way of dealing with the 18 U.S.C. § 111 conviction pursuant to the grouping rules set forth in the Guidelines. *See* U.S.S.G. § 3D1.2(c).

To the extent that Olunloyo's "double-counting" argument may be read as a challenge to the 36–month concurrent sentence imposed for the violation of 18 U.S.C. § 111, we find that a ruling in Olunloyo's favor would not reduce the time he is required to serve nor does imposition of this sentence prejudice him in any way. As the District Court's sentencing order makes clear, the total extent of Olunloyo's term of imprisonment is 88 months. The section 111 conviction contributes to the 88–month sentence only insofar as it provides the basis for the two-level obstruction-of-justice enhancement imposed by the District Court. We thus apply the concurrent-sentence doctrine and decline to address any issue concerning the 36–month concurrent sentence. *See United*

*States v. Smith,* 601 F.2d 972, 975 (8th Cir. 1979).

### III.

The District Court refused to grant a two-level reduction for acceptance of responsibility because U.S.S.G. § 3E1.1 advises that a reduction for acceptance of responsibility should not be given where an obstruction-of-justice enhancement is assessed except in "extraordinary cases." Olunloyo argues only that if the obstruction-of-justice enhancement is set aside, the case should be remanded for resentencing with instructions to reconsider his claim for a downward adjustment based on acceptance of responsibility. He does not contend that his case presents factors so "extraordinary" that he should receive credit for acceptance of responsibility despite the obstruction-of-justice enhancement. Thus, our holding that the District Court did not err in enhancing Olunloyo's sentence for obstruction of justice moots his appeal on the acceptance-of-responsibility issue.

The sentence is affirmed.