33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Robin Gail ROTHS, Appellant.
UNITED STATES of America, Appellee,
v.
Charles Edward ENGELS, Appellant.
 No. 93-4009, No. 93-3844.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 1, 1994.
Filed: August 11, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these consolidated cases, Robin Gail Roths and Charles Engels appeal the sentences the district court[1] imposed on them after they pleaded guilty to drug charges. We affirm as to both.
 
 
 2
 Roths, Engels, and others were charged in a multi-count indictment involving a large methamphetamine conspiracy. Both Roths and Engels pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 856. Roths additionally pleaded guilty to conspiring to commit money laundering offenses and making false material declarations to a grand jury, in violation of 18 U.S.C. Secs. 371 and 1623, and 18 U.S.C. Secs. 1952, 1956, and 1957. An investigation in several Iowa cities revealed that Dale Sheriff and Dennis Walkner were substantial methamphetamine suppliers to the area between 1986 and 1991. Roths was Walkner's girlfriend; she lived with him prior to his arrest and assisted him with his drug operation. Engels and his girlfriend, Sondra Juhl, were customers of Walkner and Sheriff; Engels and Juhl lived together but maintained separate drug businesses.
 
 II. ROTHS
 
 3
 Roths's PSR indicated a base offense level of 34, a two-level increase for her role in the offense, a two-level increase for obstruction of justice, a criminal history category of I, and a Guidelines range of 235 to 293 months. False statements Roths made to the grand jury were the basis for both the obstruction increase under U.S.S.G. Sec. 3C1.1 and one of the counts of conviction. At sentencing, the court rejected Roths's argument that the obstruction increase would constitute double counting, and imposed the increase. The court also granted a three-level reduction for acceptance of responsibility, and sentenced Roths to concurrent sentences of 155 months, 60 months, and 60 months, as well as concurrent supervised release periods of five years, three years, and three years.
 
 
 4
 On appeal, Roths again challenges the imposition of the obstruction increase as double counting. We conclude her argument is foreclosed by the commentary to U.S.S.G. Sec. 3C1.1. It provides that where, as here, the defendant is convicted of both an obstruction offense and an underlying offense, the obstruction offense is grouped with the count for the underlying offense, and "[t]he offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater." Section 3C1.1, comment. (n.6). Here, Roths's obstruction offense level of 28 was grouped with and subsumed by her underlying (drug charge) offense level of 34, necessitating the two-level obstruction enhancement.
 
 
 5
 We have held that improper double counting results when "the obstruction-of-justice enhancement is predicated upon conduct that is 'coterminous' with the conduct that is the basis for the count of conviction to which the enhancement is applied." United States v. Olunloyo, 10 F.3d 578, 581 (8th Cir. 1993). Such an enhancement is appropriate, however, where the defendant was convicted of more than one offense, the counts were grouped, and the conduct supporting the enhancement (here, Roths's false statements to the grand jury) was not "coterminous" with the conduct upon which the other convictions were based (here, methamphetamine trafficking). See id. Hence, we find no improper double counting.
 
 III. ENGELS
 
 6
 Engels's PSR indicated a base offense level of 32, a two-level increase for obstruction of justice, a three-level reduction for acceptance of responsibility, a criminal history category of I, and a Guidelines range of 108 to 135 months. The obstruction increase was recommended because Juhl contacted law enforcement agents on February 10, 1993, and advised them that, during a drive to an interview with agents in Cedar Rapids, Engels told her not to mention certain information to officers, including that Engels had given Walkner a weapon at Juhl's residence. Juhl told agents her fear of Engels's temper prevented her from giving this information to agents at her initial briefing. Engels objected to the obstruction increase and renewed this challenge at sentencing.
 
 
 7
 At Engels's sentencing, Juhl retracted some of her statements to officers, claimed that Engels told her not to mention certain things to officers because his lawyer had advised him not to, and claimed her fear of Engels's temper was merely a fear of men in general. She admitted she had directed law enforcement officers not to notify even her own attorney about her second talk with them because her attorney was in close contact with Engels's attorney, but she refused to admit that this was because she feared retaliation from Engels.
 
 
 8
 Agent John Phillip Graham testified that he was present when Juhl returned on February 10, visibly shaken and crying. She told them, among other things, about the gun transferred to Walkner. She told them Engels had instructed her not to talk about that information, and she expressed concern about her personal safety because Engels had demonstrated a temper on prior occasions and throughout their living arrangement. Graham stated that part of the investigation in this case had revolved around stolen guns.
 
 
 9
 The court imposed the obstruction increase, determining that Engels attempted to procure another person to conceal evidence material to an official investigation. The court concluded that, despite Juhl's minimization of Engels's conduct, her compelling need to return to agents two days after her briefing, visibly distraught and upset, showed Engels had gone beyond his attorney's advice and had attempted to impose on Juhl an agreement or threat that she would withhold from the authorities information that might be prejudicial to him, specifically regarding the gun. The court sentenced Engels to 96 months imprisonment and four years supervised release, and imposed a $2000 fine.
 
 
 10
 On appeal, Engels argues the district court erred when it imposed the two-level increase. An obstruction increase may be imposed for "procuring another person to destroy or conceal evidence that is material to an official investigation." Section 3C1.1, comment. (n.3(d)). A district court's findings in support of the increase are reviewed for clear error, and the court's credibility findings are virtually unreviewable on appeal. United States v. Grady, 997 F.2d 421, 425 (8th Cir.), cert. denied, 114 S. Ct. 416 (1993). We hold the court did not clearly err in concluding that Engels's transfer of a gun to Walkner was material to the drug investigation, or in crediting Agent Graham's testimony over Juhl's.
 
 
 11
 Accordingly, the judgments are affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa