# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1193

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the District of South Dakota. |
| Jason Allen Herr, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 21, 1999

Filed:  February 2, 2000

_____

Before WOLLMAN, ROSS and LOKEN, Circuit Judges

_____

ROSS, Circuit Judge.

Jason Allen Herr appeals his 42-month sentence imposed by the district court[1] following his guilty plea to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and for assaulting a federal officer in violation of 18 U.S.C. § 111(a).  We affirm.

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

**BACKGROUND**

The presentence report (PSR) calculated Herr's offense level for the drug conviction as 22 and for the assault conviction as 6. The assault conviction was based on Herr's spitting at a Drug Enforcement Agency (DEA) officer who was assisting another officer in putting Herr in his cell after his initial appearance. Under the Sentencing Guidelines multi-count grouping rules, U.S.S.G. § 3D1.4, the assault conviction was disregarded in calculating the adjusted offense level. With a recommended three-level reduction for an acceptance of responsibility, Herr's total offense level was 19. His presumptive criminal history category was I, based on a 1995 conviction for possession of marijuana. Herr's juvenile adjudications were excluded in the calculation because they occurred more than five years prior to the charged offenses. See § 4A1.2(d). In addition, numerous adult convictions, many of which were for traffic violations, were excluded because they did not result in a sentence of a term of probation of at least a year or of imprisonment for at least thirty days or were not similar the instant offenses. See § 4A1.2(c). An offense level of 19 and a criminal history category of I resulted in a sentencing range of 30-37 months.

The district court gave notice of a possible upward departure as to both the criminal history category and the offense level. At the sentencing hearing, the court increased Herr's criminal history category to II, believing category I under-represented the likelihood that Herr would commit further offenses. See § 4A1.3. The court stated that it had never seen a criminal history category of I for a defendant who had such an extensive record at such a young age; at the time of sentencing Herr was 22. Although the court granted a three-level adjustment for acceptance of responsibility, it increased Herr's offense level two levels to account for the assault conviction, likening the assault to an obstruction of justice. See § 3C1.1. An offense level of 21 and a criminal history category of I yielded a sentencing range of 41-52 months. The court sentenced Herr to 42 months.

## DISCUSSION

We review the district court's upward departure under a unitary abuse-of-discretion standard. Koon v. United States, 518 U.S. 81, 100 (1996). In Koon, the Supreme Court explained that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." Id. at 98. In making the finding, a court must consider "the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." Id.; see also United States v. Goings, No. 99-1940, 2000 WL 10276, at *1 (8th Cir. Jan. 4, 2000) (although Koon standard is "'unitary,' it is also nuanced ").[2]

Herr argues the district court abused its discretion in departing upward based on his criminal history category. We disagree. "If reliable information indicates that the criminal history category does not adequately reflect . . . the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." § 4A1.3 (policy statement). In deciding the likelihood that a defendant may commit other crimes, a court may "take into account any 'evidence of obvious incorrigibility'" and "conclude that . . . leniency has not been effective." Goings, at *1 (quoting United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992)). As the district court noted, such evidence especially may be relevant "in the case of younger defendants . . . who are more likely to have received

---

[2]In Koon, the Court explained that a unitary "abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." 518 U.S. at 100. The Court believed "[t]hat a departure decision . . . may call for a legal determination does not mean, as a consequence, that parts of the review must be labeled de novo while other parts are labeled an abuse of discretion." Id.

repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants."  § 4A1.3, comment. (backg'd.).

It is true, as Herr argues, that many of his adult convictions were for traffic offenses and "standing alone are not particularly serious, and bear no similarity to the instant charges." United States v. Joshua, 40 F.3d 948, 953 (8th Cir. 1994).  However, "they may be evidence that leniency has not been effective." Id.; see also United States v. Ewing, 129 F.3d 430, 437 (7th Cir. 1997) ("And, even if all of the prior dissimilar convictions were not sufficiently serious, the court still could have considered them for the limited purpose of establishing the incorrigible character of the defendant's criminal propensities ") (internal quotation omitted).  Here, as the government points out, at least fourteen of Herr's convictions were excluded in the calculation of the criminal history category because they did not result in imprisonment or a term of  probation of a least a year.  We also note that Herr had convictions for failure to appear and resisting arrest. We agree with the government that Herr's repeated violations show his disrespect for the law and that leniency has not been effective.  "Because of [Herr's] obvious incorrigibility, . . . the district court did not abuse its discretion in departing [one category] upward for purposes of deterrence." United States v. Carey, 898 F.2d 642, 646 (8th Cir. 1990).

Herr also argues that the district court abused its discretion in adding two levels to his offense level.  In "unusual situations" a court may depart upward to "ensur[e] appropriate additional punishment" for crimes which are disregarded by the grouping rules. § 3D1.4, comment. (backg'd.).  Herr argues that spitting at a DEA agent is not so unusual or serious as to warrant a departure.

We need not address this argument.  Although the district court gave notice of a possible upward departure as to the offense level, we do not believe the court in fact departed upward.  Rather, as Herr suggested at oral argument, we believe the court imposed a § 3C1.1 two-level adjustment for obstruction of justice.  At the sentencing

hearing, the court stated Herr's sentence would be "enhanced" because the court was not going to "to be blind to the fact that Herr had spit at a federal officer." It also stated "the two-point adjustment comes for what is in the court's view amounts to an obstruction of justice."[3] Especially telling is that the court stated it was adding the two points to the "Adjustment for Obstruction of Justice" paragraph of the PSR. Section 3C1.1, in part, provides for a mandatory two-point adjustment if a defendant wilfully obstructs justice during the prosecution of an offense. See Hall v. United States, 46 F.3d 855, 859 (8th Cir. 1995) (if defendant obstructed justice, "the district court had no choice but to impose the [§ 3C1.1] sentence enhancement that the Guidelines mandate"). As relevant here, the adjustment "applies to any . . . obstructive conduct in respect to the . . . prosecution of the . . . offense where there is a separate count of conviction for such conduct." § 3C1.1, comment. (n.4). In other words, a defendant's "separate count of conviction for obstructive conduct [is] a sufficient foundation for the obstruction-of-justice enhancement." United States v. Olunloyo, 10 F.3d 578, 581 (8th Cir. 1993).

Thus, the question is whether the district court erred in concluding that Herr's 18 U.S.C. § 111(a) conviction was a conviction for obstructive conduct. The answer is no. In Olunloyo, this court held that § 111(a), which "applies to any person who 'forcibly assaults, resists, opposes, impedes, intimidates, or interferes' with a federal officer[,] . . . encompasses conduct that properly may be deemed obstructive." Id. at 580 (quoting § 111(a)). In addition, in Olunloyo, we noted that "Congress did not intend 18 U.S.C. § 111 to serve merely as a federal aggravated assault statute, . . . rather, it intended to facilitate the twin purposes of protecting federal officers and

---

[3]Although a defendant must have notice of a departure either by a PSR, the government, or a court, Burns v. United States, 501 U.S. 129, 138 (1991), in United States v. Willis, 997 F.2d 407, 416 (8th Cir. 1993), cert. denied, 510 U.S. 1050 (1994), we held that a court may impose a § 3C1.1 adjustment at the sentencing hearing without advance notice.

preventing hindrances of federal functions." Id. (citing United States v. Feola, 420 U.S. 671, 679, 683 (1975)).

We also note that imposition of the adjustment is not an impermissible double counting.  See id. at 581; see also United States v. Baker, No. 99-1756, 2000 WL 14188, at *3 (8th Cir. Jan. 7, 2000); United States v. Bell, 183 F.3d 746, 749-50 (8th Cir. 1999).  To the contrary, treating the § 111 conviction as an obstruction-of-justice enhancement to the drug offense "is the appropriate way of dealing with the . . . conviction pursuant to the grouping rules set forth in the Guidelines."  Olunloyo, 10 F.3d at 581; see also Baker, at *3.[4]  Thus, the district court did not err in imposing the two-level adjustment in the offense level.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[4]In Baker, the court noted that the Guidelines expressly provide that where a defendant is convicted of an underlying offense and an obstruction offense, the offenses are grouped together and "'[t]he offense level for that group . . . will be the offense level for the underlying offense increased by the 2-level [§ 3C1.1] adjustment . . . , or the offense level for the obstruction offense, whichever is greater.'"  Id. (quoting § 3C1.1, comment. (n.8)).