# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3650

_____

| | |
|---|---|
| United States of America,<br><br>   Appellee,<br><br> v.<br><br>Rene Garcia, Jr.,<br><br>   Appellant. | *<br>*<br>*<br>* Appeal from the United States<br>* District Court for the<br>* Western District of Missouri<br>*<br>* [UNPUBLISHED]<br>* |

_____

Submitted: June 14, 2000
Filed: June 29, 2000

_____

Before:  **WOLLMAN**, Chief Judge, **BEAM**, Circuit Judge, and **PANNER**,[1] District Judge

PER CURIAM

  Rene Garcia, Jr. was convicted by a jury of conspiracy and possession with intent to distribute methamphetamine. He argues that the district court[2] erred by (1) permitting testimony regarding prior drug dealings; (2) enhancing his sentence based

_____

  [1] The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

  [2] The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

on a finding that he was the leader of a five-participant conspiracy; (3) departing upward based on a determination that his criminal history was understated; (4) imposing an excessive fine; and (5) refusing to permit the filing of a supplemental motion for new trial. We reject these arguments and we affirm.

1.    Prior Crimes Evidence

We have regularly permitted trial courts to admit evidence of a defendant's prior drug dealings. See United States v. Oates, 173 F.3d 651, 660 (8th Cir.), cert. denied, 120 S. Ct. 213 (1999); United States v. Moore, 98 F.3d 347, 350 (8th Cir. 1996). We have reviewed the record and conclude that the trial court did not abuse its discretion in admitting the testimony here. See United States v. Davidson, 195 F.3d 402, 408 (8th Cir. 1999), cert. denied, 120 S. Ct. 1218 (2000).

2.    Leadership Enhancement

The district court did not clearly err by finding that there were five or more participants in the conspiracy. See United States v. Simmons, 154 F.3d 765, 768 (8th Cir. 1998). Individuals who are not indicted or prosecuted, but who may be "criminally responsible" for the crime, are considered participants under U.S.S.G. § 3B1.1(a). See United States v. Brockman, 183 F.3d 891, 899 (8th Cir. 1999), cert. denied, 120 S. Ct. 800 (2000). The record here supports the district court's determination that as many as eight individuals participated in Garcia's scheme.

3.     Upward Departure

The district court did not abuse its discretion by departing upward from the guideline range. See United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000). There is "ample evidence that [Garcia's] criminal history category did not reflect the seriousness of his criminal activity." See United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997); see also Herr, 202 F.3d at 1017 (affirming upward departure when defendant's "repeated violations show his disrespect for the law and that leniency has not been effective").

4.     Excessive Fine

Garcia argues that the district court did not make express findings regarding his ability to pay a fine. The fallacy of that argument is that Garcia refused to disclose his assets prior to sentencing. See United States v. Berndt, 86 F.3d 803, 808 (8th Cir. 1996) (affirming amount of fine when defendant attempted to hide assets).

5.     Supplemental Motion

The district court did not abuse its discretion by refusing to permit Garcia to file a pro se supplemental motion for a new trial. See United States v. Garrett, 961 F.2d 743, 748 (8th Cir. 1992) (applying abuse of discretion standard to district court's refusal to permit defendant to file untimely motions). Garcia was given ample and repeated opportunities to file such a motion, but simply failed to do so.

We affirm the conviction and sentence imposed by the district court.

A true copy

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT