# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4240

_____

Jeffrey Lane Barnes,

    Appellant,

v.

United States of America,

    Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: June 12, 2000
Filed: July 5, 2000

_____

Before HANSEN and HEANEY, Circuit Judges, and MILLS,[1] District Judge.

_____

PER CURIAM.

    A jury convicted Jeffrey Lane Barnes of several drug-related crimes as charged in a federal indictment. On direct appeal, we affirmed his convictions and sentence of 242 months of imprisonment. See United States v. Shaw, 94 F.3d 438 (8th Cir. 1996), cert. denied, 519 U.S. 1100 (1997). Thereafter, Barnes timely filed a motion to vacate

_____

[1]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

or set aside his sentence pursuant to 28 U.S.C. § 2255, which the district court[2] initially denied as to all issues but one.

The district court ordered an evidentiary hearing on the issue relating to whether Barnes's trial counsel had denied him effective assistance by failing to properly investigate two individuals who might have provided exculpatory testimony concerning counts 10 and 11 of the indictment. Before any hearing was held, however, the district court requested briefing on whether an evidentiary hearing was necessary in light of Barnes's murder conviction and resulting life sentence without the possibility of parole in another case. See United States v. Jones, 101 F.3d 1263 (8th Cir. 1996) (affirming Barnes's murder conviction and life sentence on direct appeal), cert. denied, 520 U.S. 1160 (1997). After considering the parties' briefs, the district court applied the concurrent-sentence doctrine, declining to address the merits of the ineffective assistance of counsel issue as to counts 10 and 11. See United States v. Olunloyo, 10 F.3d 578, 581 (8th Cir. 1993). The district court noted that because Barnes is already serving a life sentence and had different counsel in that case, any potential relief on counts 10 and 11 of the drug indictment would not reduce the time he is required to serve. Accordingly, the district court vacated the convictions for counts 10 and 11, ordered the government to return the $50 special assessments paid on each count, and vacated that portion of the court's earlier order granting Barnes an evidentiary hearing on the ineffective assistance of counsel issue.

Barnes sought and received a certificate of appealablity on the question of whether the district court erred in vacating that part of the initial order granting an evidentiary hearing on his ineffective assistance claim relating to counts 10 and 11 of the drug indictment. Having considered the record and the parties' arguments, we conclude that the district court correctly vacated the order granting an evidentiary

---

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

hearing. Because a comprehensive opinion from this court would add nothing of substance to the reasoning set forth by the district court, we affirm without further discussion. <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.