# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4118

_____

United States of America,

   Appellee,

  v.

Byron David Handley,

   Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: July 5, 2000
Filed: July 12, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

  Byron Handley pleaded guilty to possessing an organization's counterfeited security with intent to deceive another person or organization, in violation of 18 U.S.C. § 513(a). Based on a total offense level of 8 and a Category VI criminal history, his Guidelines imprisonment range was 18-24 months. The district court[1] departed upward, concluding that his criminal history significantly underrepresented his past criminal conduct and likelihood of recidivism, and sentenced him to 48 months

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

imprisonment and 3 years supervised release. Handley appeals, challenging the extent of the departure.

Having reviewed the matter, we find no abuse of discretion. See United States v. Johnson, 56 F.3d 947, 958 (8th Cir. 1995) (standard of review). "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1998). In determining whether an upward departure is warranted, the district court may consider the similarity of past offenses to the instant offense, and may conclude that there is a heightened need for deterrence or that leniency has not been effective. See United States v. Goings, 200 F.3d 539, 542 (8th Cir. 2000). Here, the court identified a multitude of convictions between 1992 and 1999, many for similar "fraud-type offenses," including retail fraud, check-kiting-type offenses, and forgery. The court appropriately imposed a 48-month prison term, noting that the sentences Handley had received for his prior crimes--probation, boot camp, and short terms of imprisonment--had not deterred him from committing additional offenses. Despite Handley's arguments to the contrary, the seriousness of a defendant's offenses need not escalate throughout his criminal history, nor must he commit violent or drug-related crimes, to warrant an upward departure. See, e.g., United States v. Herr, 202 F.3d 1014, 1017 (8th Cir. 2000).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.