# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1923

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Osvaldo Villalobos-Cuellar, also | * | Northern District of Iowa. |
| known as Osvaldo Cuellar | * | |
| Villalobos, also known as Raul | * | [UNPUBLISHED] |
| Flores, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 11, 2002

Filed: January 7, 2003

_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Osvaldo Villalobos-Cuellar, a Mexican citizen, was convicted of one count of illegal reentry following deportation in violation of 8 U.S.C. §§ 1326(a) and (b). At sentencing, the district court determined that the defendant's criminal history category did not adequately reflect the seriousness of his past conduct or account for the likelihood of recidivism. Accordingly, the district court departed upward one

criminal history category. Villalobos-Cuellar appeals the sentencing departure, and we affirm.

As the district court noted, Villalobos-Cuellar has engaged in a number of violent incidents during his time in the United States, including assaulting a police officer and domestic assault. At sentencing, the district court admitted into evidence a police narrative regarding the domestic assault conviction. This narrative indicated that the defendant had punched his girlfriend with a closed fist, knocking her to the ground, and continued the assault by kicking her head while wearing steel-toed work boots. He then jumped on her legs and attempted to choke her. According to the narrative, Villalobos-Cuellar then turned his aggression on his girlfriend's five-year-old daughter, but relented before physically assaulting her.

It appears the only reason that the assault resulted in a criminal investigation was because the victim went to the hospital out of fear that her jaw had been broken; once there, the paramedic saw fit to contact the police. The narrative makes clear that the defendant had been involved in other similar conduct, but that the victim had not reported those incidents to the authorities. During one particularly egregious assault he attacked his girlfriend with a bullwhip and lashed her some thirty times.

The presentence report scored only one point for the domestic assault charge and resulting conviction, and did not account for the uncharged acts of violence. The district court believed that Villalobos-Cuellar's resulting criminal history category did not adequately reflect his past conduct, and departed upward by one criminal history category. We review the district court's application of the guidelines de novo, United States v. Powell, 283 F.3d 946, 947 (8th Cir. 2002), and the district court's decision to depart from the guidelines for an abuse of discretion, United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000).

A sentencing court may depart from the guidelines where the defendant's criminal history category does not accurately summarize the defendant's past conduct or take into account the likelihood of recidivism. U.S.S.G. § 4A1.3. However, the basis for the departure must rest on "reliable information," such as, prior adjudications or similar adult conduct that did not result in a conviction. See id.

The district court did not abuse its discretion by departing upward in this matter. The police narrative in this case qualifies as reliable information supporting the departure, as it is the type of document that one would expect to contain truthful statements.[1] Moreover, it contained statements about what appears to be a pattern for Villalobos-Cuellar: domestic violence. Sadly, however, the abuse here went unreported until the victim needed to be hospitalized. In such a circumstance, we cannot fault the district court for considering the defendant's uncharged violent conduct when pronouncing its sentence. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Indeed, a person could be subjected to criminal prosecution for making false statements in a police report. See Iowa Code § 718.6.