# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2865

_____

United States of America

*Plaintiff - Appellee*

v.

Richard James Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: June 11, 2018
Filed: July 10, 2018
[Unpublished]

_____

Before WOLLMAN, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Richard J. Jackson pleaded guilty to involuntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153. The district court[1] sentenced him to 60 months'

_____

[1]The Honorable Ralph R. Erickson, then Chief Judge, United States District Court for District of North Dakota, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

imprisonment to be followed by three years' supervised release and ordered Jackson to pay $18,399.09 in restitution as well as a $100 special assessment. Jackson alleges procedural error in his sentence and challenges its substantive reasonableness, claiming that the district court erred in departing upward from the United States Sentencing Guidelines (Guidelines or U.S.S.G.). We affirm.

On May 21, 2016, Jackson was driving 59 miles per hour in a 40 mile per hour zone on the Spirit Lake Indian Reservation when he struck and killed a five-year-old child. Jackson left the scene of the accident and drove to his apartment to call 911. Law enforcement went to his apartment, where Jackson admitted his conduct. He was then transported to a medical facility for a blood draw, which indicated that his blood alcohol content was 0.197.

Jackson pleaded guilty to involuntary manslaughter in an open plea. The presentence report (PSR) determined that Jackson had a total offense level of 19 and a criminal history category of II, resulting in an advisory Guidelines range of 33 to 41 months' imprisonment. The district court departed upward three categories to a criminal history category of V under U.S.S.G. § 4A1.3(a)(2)(A). It determined that Jackson's new Guidelines range was 57 to 71 months' imprisonment and then imposed the above-mentioned sentence.

We review sentences for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "In reviewing [Jackson's] sentence, we first ensure that the district court did not commit significant procedural error, such as an improper calculation of the advisory sentencing guidelines range; then, absent significant procedural error, we review the sentence for substantive reasonableness." United States v. Jenkins, 578 F.3d 745, 748 (8th Cir. 2009).

Jackson first argues that the district court committed procedural error by failing to adequately explain the upward departure. "Upward departures under § 4A1.3(a) are applicable if 'reliable information indicates the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" United States v. Vasquez, 552 F.3d 734, 738 (8th Cir. 2009) (quoting United States v. Mosby, 543 F.3d 438, 441-42 (8th Cir. 2008); U.S.S.G. § 4A1.3(a)(1)). "In making this determination, the court may consider prior sentences 'not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses).'" United States v. Shillingstad, 632 F.3d 1031, 1037 (8th Cir. 2011) (quoting U.S.S.G. § 4A1.3(a)(2)(A)). "The court is also free to 'weigh the similarity of past offenses to the instant offense, and the possibility that repeated offenses of a similar nature indicate a heightened need for deterrence.'" Id. at 1037-38 (quoting United States v. Mentzos, 462 F.3d 830, 841 (8th Cir. 2006)).

Under § 4A1.3, the district court "first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category. . . ." United States v. Azure, 536 F.3d 922, 931 (8th Cir. 2008) (internal quotations omitted). "This process does not 'require a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category it selects.'" Id. (quoting United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993)).

At sentencing, the district court recited Jackson's lengthy criminal history, which included a federal conviction in which he was assigned three criminal history points for striking a person in the head with a steel pipe, an assault and battery conviction in 1987, a domestic abuse conviction in 1996, an assault and battery conviction in 2004, and a domestic abuse conviction in 2005. In addition, the court found that Jackson has had at least ten driving under the influence convictions, one

actual physical control of a vehicle while intoxicated conviction, at least fifteen driving under suspension or revocation convictions, twenty-six public intoxication convictions, two other liquor violations, and has not had a valid driver's license since 1987. The court also noted that the only time Jackson has had periods of sobriety has been when there is "a big hammer hanging over his head." In light of these circumstances, the court concluded that,

> [T]he defendant's criminal history is well-established. . . . [T]he nature of the offense is established and the harm is exactly the kind of harm that you're trying to head off. . . . [Jackson has] a prior DUI with a minor in the vehicle and was sentenced and still we have this conduct. I believe his criminal history is substantially underrepresented and I would look at 4A1.3(a)(2)(A) and I would move him up actually three levels to Criminal History Category V.

Jackson relies on United States v. Sullivan, 853 F.3d 475 (8th Cir. 2017) and United States v. Azure, 536 F.3d 922 (8th Cir. 2008), in which we held that the district court abused its discretion when it departed upward without providing sufficient indicia of why the intermediate criminal history categories were inappropriate. In Sullivan, the court departed upward from a criminal history category II to a criminal history category VI, relying on conduct that had not resulted in convictions and on state court sentences that the district court thought to have been too lenient. 853 F.3d at 480. In Azure, the district court departed from the lowest criminal history (I) to the highest (VI). 536 F.3d at 932. It also relied on questionably relevant evidence (i.e. that Azure was a playground bully in elementary school), it erred in applying the burden of proof on a self-defense charge, and it relied on uncharged conduct that included alcohol related assaults and mutual aggression. Id. at 931-33.

This case is not like Sullivan or Azure, however. The district court here departed upward only three criminal history categories. It did not rely on uncharged or irrelevant conduct, but rather grounded its decision on numerous tribal court convictions. Additionally, unlike Azure in which we noted that the defendant's underlying violent conduct was potentially exacerbated by alcohol, the majority of Jackson's previous conduct was centered around alcohol and thus tends to show the seriousness of his offense and a greater need for deterrence. See United States v. Herr, 202 F.3d 1014, 1016-17 (8th Cir. 2000) ("In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective." (internal quotation and marks omitted)).

Although the district court did not specifically mention that it had considered each intermediate criminal history category, we conclude that it adequately explained its rationale for the sentence imposed. See United States v. Walking Eagle, 553 F.3d 654, 658 (8th Cir. 2009) (holding that even though the district court did not explicitly consider intermediate criminal history categories, it adequately explained an upward departure based on the defendant's underrepresented criminal history and his likelihood of re-offending). After taking into account Jackson's extensive criminal history, his history of violence, and the repeated nature of his alcohol-related offenses, the district court ultimately departed upwards because "[t]he maximum penalty in this case probably [was] not sufficient to fit this particular crime" and the public needs to be "protect[ed] from further crimes of the defendant." We thus conclude that no procedural error occurred at sentencing and that the district court's otherwise adequate explanation for departing upward was not undercut by its lack of mention that it had moved incrementally up the Guidelines range to find an appropriate advisory sentence.

We similarly reject Jackson's argument that the district court imposed a substantively unreasonable sentence by failing to appropriately weigh the sentencing factors set forth in 18 U.S.C. § 3553(a). Jackson contends that the district court gave too little weight to his efforts towards rehabilitation, his need to continue rehabilitative treatment, the adverse consequences to his continuing self-rehabilitation and his restitutionary efforts that would stem from a lengthy prison sentence, and that it was Jackson's speed—not his reaction time—that caused the accident. At sentencing, however, the district court acknowledged that Jackson's post-incident sobriety gave reason to hope for his continued sobriety and that it would take into consideration Jackson's argument that his braking reflexes were not greatly diminished. Against those mitigating factors, however, the district court weighed the fact that Jackson knew his actions were illegal but chose to drive well over the speed limit while intoxicated and without a license. It also found that "[Jackson] still poses a genuine risk to the community because we still don't have an indication that he's going to be able to maintain sobriety if he doesn't have some huge consequence hanging over his head." See United States v. Grace, No. 17-1572, 2018 WL 3080301, at *1 (8th Cir. June 20, 2018) (concluding that repeated behavior following prior convictions justifies an upward variance "to afford adequate deterrence" (quoting § 3553(a)(2)(B))). Having articulated its consideration of the § 3553(a) factors adequately and balanced them appropriately, the district court did not abuse its discretion in sentencing Jackson as it did. See United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012) (holding that the district court may balance the § 3553(a) factors as it deems appropriate).

The judgment is affirmed.

_____