# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3242
_____

Steve L. Wright, Jr.

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 11, 2018
Filed: September 5, 2018
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 2006, a jury convicted Steve L. Wright, Jr., of fourteen federal offenses. A number of the crimes took place when Wright was a juvenile; others occurred after he reached age eighteen. Count 1, the offense of conspiring to distribute 50 grams or more of cocaine base and other controlled substances, encompassed conduct undertaken both before and after Wright's eighteenth birthday. In February 2007, the

district court[1] sentenced Wright to life in prison plus 110 years. This appeal requires us to apply recent Supreme Court cases addressing the constitutionality of life sentences for juveniles -- Graham v. Florida, 560 U.S. 48 (2010), Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016) -- to Wright's claims for successive post-conviction relief from his sentence.

At sentencing, the district court imposed the statutory mandatory minimum sentence of life imprisonment for Count 7, the offense of aiding and abetting the murder of a witness. See 18 U.S.C. § 1512(a)(1)(C), (2), (3)(A). For sentencing purposes the district court grouped all the drug offenses (Counts 1, 2, 3, 5, 8, 12, 13, and 14) and imposed the advisory guidelines sentence of life imprisonment. Count 1 was the only conviction in this group for which a life sentence was statutorily authorized. For the firearm offenses, as mandated by statute, the court imposed a consecutive sentence of ten years for Wright's first conviction under 18 U.S.C. § 924(c) (Count 4), and additional consecutive twenty-five-year sentences for each subsequent § 924(c) conviction (Counts 6, 9, 11, and 15). Wright committed the offenses in Counts 4, 6, and 9 before his eighteenth birthday.

We affirmed Wright's sentence on direct appeal. United States v. Wright, 536 F.3d 819 (8th Cir. 2008), cert. denied, 556 U.S. 1144 (2009). In May 2010, the district court denied his 28 U.S.C. § 2255 motion to vacate or correct the sentence; Wright appealed and we denied a certificate of appealability. In June 2013, Wright filed a successive § 2255 motion based on Graham, Miller, and Montgomery. We granted authorization to file the motion. Wright v. United States, No. 13-1638 (8th Cir. Feb. 5, 2014); see §§ 2244(b)(3), 2255(h).

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

In Graham, the Supreme Court held that a juvenile who has not committed homicide may not be sentenced to life without parole; he must instead have "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 74-75.[2] In Miller, the Court held that a juvenile who has committed homicide may be sentenced to life without parole but the sentence must be based on individualized factors, including "a juvenile's 'lessened culpability' and greater 'capacity for change.'" 567 U.S. at 465 (quoting Graham, 560 U.S. at 68, 74). In Montgomery, the Court held that Miller's holding, like Graham's, is retroactive on collateral review because it established a substantive rule. 136 S. Ct. at 732-34.

In the district court, the government conceded that Wright's mandatory life sentence for Count 7 violated the Eighth Amendment as construed in Miller because the underlying murder occurred when Wright was a juvenile. The district court[3] vacated the life sentence, imposed a sentence of fifteen years on Count 7, and denied all other relief. Wright appeals, arguing (i) he should be resentenced on Counts 1, 4, 6, and 9 because some or all of the criminal activity giving rise to those convictions occurred before his eighteenth birthday; and (ii) the district court erred in denying a comprehensive resentencing hearing because his entire sentence was tainted by Eighth Amendment violations. Reviewing the constitutionality of his sentencing *de novo*, we affirm. United States v. Jefferson, 816 F.3d 1016, 1018 (8th Cir. 2016) (standard of review).

---

[2]As Congress abolished parole for federal offenders in 1984, a federal life sentence is a sentence of life without parole. Graham, 560 U.S. at 109 (Thomas, J., dissenting).

[3]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

**I.**

**A.** Wright first argues he is entitled to resentencing on Count 1 under Graham and Miller because many conspirator acts in furtherance of the conspiracy occurred before his eighteenth birthday. Even if the conspiracy continued past his eighteenth birthday and permitted him to be tried as an adult, Wright argues, "a sentencing court should be permitted to consider whether a life sentence is appropriate for his role in the conspiracy based upon the recent Supreme Court jurisprudence recognizing that juveniles should be treated differently." But Miller and Graham held only "that the Eighth Amendment forbids a sentencing scheme that *mandates* life in prison without possibility of parole for juvenile offenders." Miller, 567 U.S. at 479 (emphasis added). Wright acknowledges that the life sentence imposed for Count 1 was not mandated by statute. However, he argues, sentencing enhancements in the guidelines then in effect "required [the district court] to impose a mandatory life sentence . . . without being allowed to consider Mr. Wright's age at the time the offense began and the other mitigating qualities of youth."

This contention is simply wrong. Wright was sentenced in 2007, when the Sentencing Guidelines were advisory. The district court did not vary downward from the advisory guidelines range of life plus 110 years in prison, but it was authorized to do so.[4] Montgomery held that the decision in Miller is retroactive because mandatory life without parole is a substantive rule, unlike a non-retroactive procedural rule that "regulates only the manner of determining the defendant's culpability." 136 S. Ct. at 733 (emphasis omitted). Wright is arguing the district

---

[4] By contrast, in United States v. Jefferson, 816 F.3d 1016 (8th Cir. 2016), the defendant was sentenced to 600 months in prison under then-*mandatory* guidelines for murder and drug offenses committed while he was a juvenile. Applying Montgomery, the district court resentenced the defendant to 600 months "under now-advisory federal guidelines after a hearing in which the district court carefully and thoroughly applied the teaching of . . . Miller." Id. at 1019.

court *should have* taken his youth into account under <u>Miller</u> in sentencing him under Count 1. This appears to be an argument for a non-retroactive procedural rule regulating the manner of determining culpability. The issue is not that simple, however, because in banning mandatory life without parole for juveniles who commit homicide offenses, <u>Miller</u> prescribed a hearing procedure needed to separate those who may be sentenced to life without parole -- "the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility" -- and the Court in <u>Montgomery</u> described this as "a procedural requirement necessary to implement [<u>Miller</u>'s retroactive] substantive guarantee." 136 S. Ct. at 734. But we conclude Wright's argument does not fall within this substantive guarantee. Wright was not sentenced on Count 1 as a juvenile offender. He was sentenced for conspiratorial conduct that extended well into his adult years under an advisory guidelines regime that allowed the district court to consider his early participation as a juvenile, as well as other relevant mitigating factors. Thus, the procedural element of the new substantive rule of constitutional law made retroactive in <u>Montgomery</u> does not apply, and successive habeas relief on this claim was properly denied. <u>See</u> 28 U.S.C. § 2244(b)(2)(A).[5]

**B.** Wright further argues that the consecutive mandatory term-of-years sentences imposed on Counts 4, 6, and 9 (totaling sixty years) violated the Eighth Amendment as construed in <u>Graham</u> because they were an "effective life sentence," and Wright was a juvenile when he committed the underlying non-homicide crimes. As Judge Colloton noted, concurring in the grant of authorization to file the

---

[5]Wright was tried and punished as an adult because he participated in the conspiracy after reaching the age of majority. <u>See, e.g.</u>, <u>United States v. Gjonaj</u>, 861 F.2d 143, 144 (6th Cir. 1988). The Eighth Amendment does not prohibit sentence enhancements based on crimes committed when an adult offender was a juvenile. <u>United States v. Scott</u>, 610 F.3d 1009, 1018 (8th Cir. 2010). Tellingly, the Supreme Court in <u>Graham</u> neither discussed nor presented statistics dealing with life-without-parole sentences imposed for non-homicide conspiracy offenses beginning before and extending after a conspirator's eighteenth birthday.

successive § 2255 motion, "[i]t is an open question whether Graham should be extended to prohibit the imposition of a lengthy term of years on a juvenile who did not commit homicide." Wright, No. 13-1638, Judgment at 4, citing Graham, 560 U.S. at 124 (Alito, J., dissenting). Thus, the government argues that Wright is not entitled to successive habeas relief on this claim because it is outside the Supreme Court's decision in Graham, as the Sixth Circuit held in Bunch v. Smith, 685 F.3d 546, 551-53 (6th Cir. 2012). The Supreme Court's discussion of retroactivity in the more recent Montgomery decision may alter the required analysis, but we need not decide the issue in this case because any error was harmless. We have denied Wright successive habeas relief from the life sentence imposed on Count 1, and federal sentences of life and life plus 60 years "come to the same thing.'" United States v. Bour, 804 F.3d 880, 886 (7th Cir. 2015) (citation omitted).

## II.

Wright argues that, because the Eighth Amendment required resentencing on Count 7, and because he alleged Eighth Amendment errors in the sentences imposed on Counts 1, 4, 6, and 9, the district court erred in not granting him a "comprehensive resentencing hearing." After we authorized this successive § 2255 motion, the district court entered an order vacating the sentence on Count 7. The court noted Eighth Circuit decisions recognizing a district court's authority to re-evaluate a "sentence package" when one or more counts must be resentenced and stated that the scope of Wright's resentencing would be determined at a resentencing hearing. The parties then briefed whether Wright was entitled to resentencing on any other counts. After considering these submissions, the district court ruled that Wright was only entitled to resentencing on Count 7 and denied further relief without a hearing.

Wright cites no authority in support of this claim. In so-called "sentencing package cases," where the defendant successfully challenges one count of a multi-count conviction, "trial courts have imposed a sentence on the remaining counts

longer than the sentence originally imposed on those particular counts, but yielding an aggregate sentence no longer than the aggregate sentence initially imposed." Greenlaw v. United States, 554 U.S. 237, 253 (2008); see United States v. McArthur, 850 F.3d 925, 942-43 (8th Cir. 2017). That dynamic is obviously inapplicable here. Another situation in which the multi-count resentencing issue arises is illustrated by United States v. Greene, 995 F.2d 793, 801 (8th Cir. 1993), where we reversed one count of conviction and remanded for resentencing on all counts because "it [was] not impossible that the trial court might have sentenced Mr. Greene at a different point in the applicable [mandatory guidelines] range had it not considered the [reversed] conviction." But here, we have upheld the district court's determination that the sentence of life plus 60 years imposed on Counts 1, 4, 6, and 9 did not violate the Eighth Amendment. In these circumstances, the district court did not abuse its procedural discretion in denying a more "comprehensive" resentencing hearing, nor its substantive discretion in denying further successive § 2255 relief after vacating the mandatory life sentence on Count 7 and resentencing Wright to a 15-year term of imprisonment on that Count.

Following submission of this appeal, Wright filed a *pro se* motion for leave to file a supplemental brief addressing three issues. One was addressed in the brief filed by his counsel on appeal; the other two present new arguments that would not provide a basis for successive habeas relief. Accordingly, we deny the *pro se* motion and affirm the judgment of the district court.

_____