# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3299

_____

Yobarri Takie Eason

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 19, 2018
Filed: January 9, 2019

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2008, Yobarri Takie Eason pleaded guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of possessing a firearm as an armed career criminal in violation of 18 U.S.C. § 922(g)(1) and § 924(e). The Presentence Investigation Report ("PSR") stated that Eason had prior convictions for aggravated robbery, simple robbery, and second-degree assault

with a dangerous weapon. Eason conceded these convictions made him an armed career criminal under the Armed Career Criminal Act ("ACCA"). The district court[1] adopted the PSR's findings and imposed concurrent 220-month prison sentences on the two counts. Eason did not appeal the convictions and sentences.

In 2014, Eason filed a post-conviction motion to vacate his sentence on the firearm count, arguing that his prior juvenile conviction for aggravated robbery was no longer a violent felony after the Supreme Court's decision in Descamps v. United States, 570 U.S. 254 (2013). The district court denied the motion as time-barred because Descamps did not announce a newly recognized rule that would extend the one-year statute of limitations. See 28 U.S.C. § 2255(f)(3). In September 2016, we granted Eason authorization to file a second or successive § 2255 motion challenging his sentence on the firearm count based on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Because Eason did not challenge his concurrent 220-month sentence for distributing cocaine base, the district court denied the successive motion as precluded by the concurrent sentence doctrine and granted Eason a certificate of appealability on this issue. On appeal, he argues the district court erred in applying the concurrent sentence doctrine because he faces the possibility of adverse consequences if the merits of his successive § 2255 motion are not reviewed. Reviewing this issue *de novo*, we affirm.

The concurrent sentence doctrine allows courts to decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor "would not reduce the time he is required to serve" or otherwise "prejudice him in any way." United States v. Olunloyo, 10 F.3d 578, 581-82 (8th Cir. 1993). Early cases considering the doctrine involved challenges to one or more concurrent *convictions*, for example, for violation of the Double Jeopardy Clause, and courts struggled to

---

[1]The Honorable John R. Tunheim, Chief Judge of the United States District Court for the District of Minnesota.

define the minimal level of prejudice that would preclude application of the concurrent sentence doctrine. See Benton v. Maryland, 395 U.S. 784, 787-93 (1969). That was the issue in Logan v. Lockhart, 994 F.2d 1324, 1331-32 (8th Cir. 1993). The issue was largely eliminated when the Supreme Court ruled that the special assessment imposed "on any person convicted of an offense against the United States," 18 U.S.C. § 3013(a), now $100 for a felony offense by an individual, is sufficient prejudice to require § 2255 review of a concurrent conviction's validity. See Rutledge v. United States, 517 U.S. 292, 301-03 (1996); United States v. Holmes, 620 F.3d 836, 846 n.3 (8th Cir. 2010). However, where a § 2255 motion challenges only the validity of a concurrent sentence, as in this case, the concurrent sentence doctrine will apply unless a ruling in Eason's favor would reduce the time he is required to serve or otherwise prejudice him in any way. See United States v. Bradley, 644 F.3d 1213, 1293-94 (11th Cir. 2011).

In denying Eason's successive § 2255 motion, the district court explained:

> The Court finds that applying the concurrent-sentence doctrine is justified in this case because Eason's total sentence, and his sentence on [the drug charge], was not affected by the ACCA enhancement. . . . The ACCA enhancement had no effect on Eason's overall advisory Guidelines range or his statutory range for [the drug charge]: Eason already had a ten-year mandatory minimum for [the drug charge] and the advisory Guidelines range, with or without the ACCA enhancement, would have been 262- to 327-months imprisonment. Additionally, there is no indication that the ACCA enhancement drove Eason's sentence because the Court sentenced Eason to 40 additional months, beyond the mandatory minimum, and the record suggests that the advisory Guidelines for career offenders—unaffected by Eason's ACCA enhancement—drove Eason's advisory Guidelines range and the Court's sentencing decision.

United States v. Eason, No. 08-CR-0123, 2017 WL 3381813, at *2-3 (D. Minn. Aug. 4, 2017). Eason does not challenge the district court's conclusion that a successful challenge to his sentence as an armed career criminal on the firearm count would not reduce his total concurrent sentence on both counts.[2] But he argues that failure to address the merits of his challenge to being sentenced as an armed career criminal could nonetheless prejudice him in the future.

To establish the risk of future prejudice, Eason hypothesizes that, after serving his 220-month sentence for drug trafficking, he might violate his concurrent supervised release terms so seriously that the district court would revoke supervised release and impose the maximum revocation sentence authorized by 18 U.S.C. § 3583(e)(3). Under his concurrent 220-month sentences, the maximum revocation sentence would be ten years imprisonment (consecutive five-year sentences on each count). See 18 U.S.C. §§ 3559(a)(1), 3583(b)(1). But if Eason was not sentenced as an armed career criminal for the firearm count, the maximum revocation sentence would be only eight years (five years + three years) because the firearm offense would then be a Class C felony. See §§ 3559(a)(3), 3583(b)(2).

Eason cites no case where we refused to apply the concurrent sentence doctrine based on such "highly speculative" adverse collateral consequences. United States v. Wilson, 671 F.2d 1138, 1139-40 n.2 (8th Cir. 1982). Moreover, the adverse collateral consequence Eason posits is more than highly speculative. It *could not*

---

[2]Eason does argue that reversal of his sentence on the firearm count under Johnson would result in a resentencing under the "sentencing package" doctrine that could result in a reduced total sentence. In his Rule 59(e) motion for reconsideration to the district court, Eason argued that his "original sentence was the type of 'package' that must be reconfigured entirely once his ACCA sentence is vacated." The district court did not abuse its discretion in rejecting this contention, which misconstrued the "sentencing package" doctrine. See Wright v. United States, 902 F.3d 868, 872-73 (8th Cir. 2018).

*occur* unless Eason chooses to commit serious violations of law during his future term of supervised release.  Cf. USSG §§ 7B1.1(a), 7B1.4(a)(2).  Thus, the adverse consequences are entirely within Eason's control to avoid.  "[L]iteral application of such speculative consequences, resting upon a supposition of defendant's continued criminality, would effectively bar the application of the [concurrent sentence] rule."  United States v. Darnell, 545 F.2d 595, 599 (8th Cir. 1976).  We again decline to agree that this type of speculation precludes district courts from applying this useful rule.  Rather, we agree with the district court's decision to apply the discretionary concurrent sentence doctrine and deny successive § 2255 relief because sentencing Eason as an armed career criminal on the firearm count had no impact on his advisory guidelines range for the drug trafficking charge, and his 220-month sentence was 40 months above the ACCA's mandatory 180-month minimum.

The Order of the district court dated August 4, 2017, is affirmed.

_____