# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3201

_____

Mario Ronrico Smith

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 14, 2019
Filed: July 18, 2019

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2013, a jury convicted Mario Ronrico Smith of possession with intent to distribute cocaine ("Count 1"), using and carrying a firearm during a drug trafficking crime ("Count 2"), and felon in possession of a firearm ("Count 3"). At sentencing,

the district court[1] overruled Smith's objection that two prior convictions for fleeing an officer in a vehicle were not violent felonies and crimes of violence under the "residual clauses" of the Armed Career Criminal Act ("ACCA") and the career offender advisory guidelines. Therefore, the court sentenced Smith as an armed career criminal on Count 3, see 18 U.S.C. § 924(e) and USSG § 4B1.4, and as a career offender under the advisory guidelines on Counts 1 and 2, see USSG §§ 4B1.1 and 4B1.2. This resulted in a guidelines sentencing range of 420 months to life in prison. Varying downward, the court imposed concurrent 220-month sentences on Counts 1 and 3 and a consecutive 60-month sentence on Count 2. The court stated that "it would have imposed the same sentence had it sustained defendant's . . . objections" to the armed career criminal and career offender determinations. On direct appeal, Smith raised no sentencing issues; we affirmed. United States v. Smith, 789 F.3d 923 (8th Cir. 2015).

One week after we decided Smith's direct appeal, the Supreme Court issued its decision in Johnson v. United States, 135 S. Ct. 2551 (2015), holding the residual clause of the ACCA void for vagueness under the Fifth Amendment. In June 2016, Smith filed a timely *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, arguing, as relevant here, that appellate counsel provided ineffective assistance when he failed to note that a Supreme Court decision was pending in Johnson; and that his sentence should be vacated because, after Johnson, his fleeing convictions no longer qualified as violent felonies under the ACCA *or* crimes of violence under the career offender guidelines. The district court appointed post-conviction counsel who filed a memorandum supporting Smith's motion.

At the government's request, the district court stayed the § 2255 proceedings until the Supreme Court decided, in Beckles v. United States, 137 S. Ct. 886 (2017),

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

that the residual clause in the advisory career offender guidelines was *not* subject to a Fifth Amendment vagueness challenge. After Beckles, the government opposed Smith's § 2255 motion, conceding that his Count 3 ACCA sentence was no longer valid under Johnson but arguing that he was not entitled to § 2255 relief because appellate counsel did not provide ineffective assistance and because Smith was not entitled to sentencing relief under the concurrent sentence doctrine.

Agreeing with the government, the district court denied Smith's § 2255 motion. Smith did not establish ineffective assistance of appellate counsel, the court concluded, because counsel's failure to anticipate Johnson's change in the law did not constitute deficient performance. Although Smith's ACCA sentence on Count 3 was no longer valid after Johnson, the concurrent sentence doctrine applied, the court concluded, because Beckles had foreclosed Smith's challenge to his concurrent career offender sentence on Count 1. Therefore, "even if the court . . . granted Smith relief on count 3, his imprisonment term would remain the same because his conviction on count 1, which is still valid, is the same as his sentence for count 3." We granted a certificate of appealability on these issues. Reviewing *de novo*, we affirm.

## I. The Concurrent Sentence Doctrine Issue.

Smith's § 2255 motion argued that both his Count 1 career offender sentence and his Count 3 ACCA sentence must be vacated under Johnson. Beckles established that Johnson provides no basis for § 2255 relief from the Count 1 career offender sentence under the advisory guidelines. The district court therefore invoked the discretionary concurrent sentence doctrine to deny sentencing relief. That doctrine "allows courts to decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor 'would not reduce the time he is required to serve' or otherwise 'prejudice him in any way.'" Eason v. United States, 912 F.3d 1122, 1123 (8th Cir. 2019), quoting United States v. Olunloyo, 10 F.3d 578, 581-82 (8th Cir. 1993). Here, as in Eason, 912 F.3d at 1123, Smith did not challenge the

validity of his Count 3 conviction for being a felon in possession of a firearm, and reducing his ACCA sentence on Count 3 would not affect his total sentence because the concurrent 220-month sentence on Count 1 and consecutive 60-month sentence on Count 2 are still valid.

On appeal, Smith argues that he is entitled to have his entire sentence vacated because the concurrent sentences on Counts 1 and 3 are "interdependent." Smith repeatedly asserts that his sentence on Count 1 "was impacted by the unlawful ACCA enhancement" on Count 3. But repeating this assertion does not make it true. Under the Guidelines in effect when he was sentenced, Smith's total offense level on Count 1 standing alone, with the career offender enhancement, was 37; on Count 3 standing alone, with the ACCA enhancement, it was 34. Compare USSG § 4B1.1(b)(1), with USSG § 4B1.4(a)(3). The enhancements put Smith in criminal history category VI on both counts. See USSG §§ 4B1.1(b), 4B1.4(c)(2). The Count 1 enhanced offense level of 37 resulted in an advisory guidelines range of 360 months to life under § 4B1.1(c)(3); § 4B1.1(c)(2) added the mandatory consecutive 60-month sentence for Count 2, making the advisory guidelines range for Count 1 *alone* 420 months to life. Counts 1 and 3 were grouped under § 3D1.2(c), resulting in concurrent ranges of 420 months to life for each Count. Thus, Count 3 did not increase the guidelines sentence for Count 1; if anything, the opposite was true. Moreover, the typical impact of an ACCA enhancement -- its mandatory minimum fifteen-year sentence -- had no impact in this case because Smith's total sentence was far above fifteen years, before and after the district court granted a 200-month downward variance. Indeed, at sentencing, defense counsel urged the court to impose a fifteen-year sentence.

Smith further argues the district court abused its discretion in applying the concurrent sentence doctrine because, with his Count 3 sentence vacated under Johnson, he is entitled to a full resentencing under the sentencing package doctrine. At that resentencing, Smith asserts, the current career offender guidelines would apply. Therefore, because the Sentencing Commission eliminated the career offender

-4-

residual clause after <u>Johnson</u>, his Count 1 sentence would not be subject to the career offender enhancement. This establishes prejudice, Smith argues, so the concurrent sentence doctrine does not apply. He urges us to vacate his sentence and remand for *de novo* resentencing.

Under the sentencing package doctrine, when a defendant successfully attacks one but not all counts of conviction on appeal, we "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." <u>United States v. McArthur</u>, 850 F.3d 925, 943 (8th Cir. 2017), quoting <u>Greenlaw v. United States</u>, 554 U.S. 237, 253 (2008). Here, Smith's *conviction* on Count 3 was not vacated, and the district court properly held that the Count 1 sentence was not open to challenge under <u>Beckles</u>. At the initial sentencing, the district court emphasized that the concurrent 220-month sentences on Counts 1 and 3 were based on the § 3553(a) sentencing factors, not on the ACCA and career offender determinations. The court explicitly stated "that it would have imposed the same sentence had it sustained defendant's . . . objections." Thus, the record gives us no basis to conclude that the district court abused its discretion in not ordering a complete resentencing. <u>See</u> <u>Wright v. United States</u>, 902 F.3d 868, 872-73 (8th Cir. 2018); <u>cf.</u> <u>United States v. Dace</u>, 842 F.3d 1067, 1069-70 (8th Cir. 2016) (career offender error harmless where district court "made clear that it relied on the § 3553(a) factors -- independent of the Guidelines range").

## II. The Ineffective Assistance of Appellate Counsel Issue.

Smith argues that his appellate counsel provided constitutionally ineffective assistance by failing to inform this court on direct appeal that Smith's sentence might be affected by the Supreme Court's impending decision in <u>Johnson</u>. The district court ruled that Smith failed to establish that appellate counsel provided ineffective assistance, relying on our prior decisions holding that "[t]he failure of counsel to

anticipate a rule of law that has yet to be articulated does not render counsel's performance professionally unreasonable." Allen v. United States, 829 F.3d 965, 967 (8th Cir. 2016) (citations omitted). We agree.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Smith argues that appellate counsel knew or should have known that the Supreme Court had granted certiorari in Johnson and that its decision could potentially impact whether the district court erred in overruling Smith's objection to counting his fleeing convictions as violent felonies and crimes of violence. However, we have upheld the denial of appellate ineffective assistance claims in analogous circumstances. See Walker v. United States, 810 F.3d 568, 577 (8th Cir. 2016); Johnson v. Armontrout, 923 F.2d 107 (8th Cir. 1991).

For the foregoing reasons, the judgment of the district court denying Smith's motion to vacate his sentence is affirmed. We deny his Motion To Supplement the Record on Appeal.

KELLY, Circuit Judge, dissenting.

Today, the court leaves in place a sentence that all agree is unlawful; the statutory maximum sentence on Smith's ACCA count is 120 months' imprisonment, yet Smith received a sentence of 220 months. To do so, the court relies on the concurrent sentence doctrine. In my view, that doctrine is inapplicable here, so I respectfully dissent.

Because Smith's § 2255 petition was successful on the merits, the district court could invoke the concurrent sentence doctrine to deny the petition only if a ruling in Smith's favor "would not reduce the time he is required to serve or otherwise prejudice him in any way." Eason, 912 F.3d at 1123 (cleaned up). But it is possible

that a ruling in Smith's favor would reduce the time he is required to serve. "[A] district court proceeding under § 2255 may vacate the entire sentence so that the district court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." United States v. Tidwell, 827 F.3d 761, 764 (8th Cir. 2016) (cleaned up). The current version of the Guidelines would apply upon resentencing. See id. at 764 & n.3 (explaining that when resentencing a defendant under § 2255, a district court must apply "the guidelines in effect at the time of the resentencing, not at the time of the original sentencing").

Under the current Guidelines, Smith would not qualify for a career offender enhancement on Count 1, yielding a recommended Guidelines range significantly lower than the range applicable at his original sentencing.[2] Smith received a 140-month downward variance at his original sentencing; to reimpose the same term of imprisonment upon resentencing would likely require the district court to vary upwards, a variance that might prove difficult to justify.

United States v. Fletcher provides a useful illustration. Fletcher filed a meritorious § 2255 petition challenging the ACCA enhancement on one count of conviction; the district court denied the petition based on the concurrent sentence doctrine. Order at 3–4, United States v. Fletcher, No. 11-cr-193 (D. Minn. May 9, 2016), ECF No. 65. On appeal, we granted the government's motion to vacate the judgment, as the government noted that Fletcher's sentence would exceed the

---

[2]The current Guidelines omit the residual clause that originally allowed for the career offender enhancement. Based on the district court's original non-career offender calculations of a total offense level of 30 and a criminal history category of IV, I estimate a new Guidelines range (including the mandatory consecutive 60-month sentence for Count 2) of 195 to 228 months, as compared to Smith's original Guidelines range of 420 months to life. Of course, other changes to the Guidelines since Smith's original conviction could result in a different base offense level or criminal history category.

recommended Guidelines range under the current version of the Guidelines and therefore application of the concurrent sentencing doctrine was "questionable." <u>See</u> <u>United States v. Fletcher</u>, No. 16-3025 (8th Cir. 2017). On remand, the district court reduced Fletcher's overall sentence by 80 months. <u>See</u> Resentencing Judgment, No. 11-cr-193 (D. Minn. July 27, 2017), ECF No. 90.

As the court acknowledges, Smith's ACCA sentence is no longer valid. As a result, I would vacate it. And because it is possible for the district court to sentence Smith to a shorter term of imprisonment, I would remand the case to the district court for resentencing.

_____