LOKEN, Circuit Judge.
 

 In 2013, a jury convicted Mario Ronrico Smith of possession with intent to distribute cocaine ("Count 1"), using and carrying a firearm during a drug trafficking crime ("Count 2"), and felon in possession of a firearm ("Count 3"). At sentencing, the district court
 
 [1]
 
 overruled Smith's objection that two prior convictions for fleeing an officer in a vehicle were not violent felonies and crimes of violence under the "residual clauses" of the Armed Career Criminal Act ("ACCA") and the career offender advisory guidelines. Therefore, the court sentenced Smith as an armed career criminal on Count 3,
 
 see
 

 18 U.S.C. § 924
 
 (e) and USSG § 4B1.4, and as a career offender under the advisory guidelines on Counts 1 and 2,
 
 see
 
 USSG §§ 4B1.1 and 4B1.2. This resulted in a guidelines sentencing range of 420 months to life in prison. Varying downward, the court imposed concurrent 220-month sentences on Counts 1 and 3 and a consecutive 60-month sentence on
 Count 2. The court stated that "it would have imposed the same sentence had it sustained defendant's ... objections" to the armed career criminal and career offender determinations. On direct appeal, Smith raised no sentencing issues; we affirmed.
 
 United States v. Smith
 
 ,
 
 789 F.3d 923
 
 (8th Cir. 2015).
 

 One week after we decided Smith's direct appeal, the Supreme Court issued its decision in
 
 Johnson v. United States
 
 , --- U.S. ----,
 
 135 S. Ct. 2551
 
 ,
 
 192 L.Ed.2d 569
 
 (2015), holding the residual clause of the ACCA void for vagueness under the Fifth Amendment. In June 2016, Smith filed a timely
 
 pro se
 
 motion to vacate his sentence under
 
 28 U.S.C. § 2255
 
 , arguing, as relevant here, that appellate counsel provided ineffective assistance when he failed to note that a Supreme Court decision was pending in
 
 Johnson
 
 ; and that his sentence should be vacated because, after
 
 Johnson
 
 , his fleeing convictions no longer qualified as violent felonies under the ACCA
 
 or
 
 crimes of violence under the career offender guidelines. The district court appointed post-conviction counsel who filed a memorandum supporting Smith's motion.
 

 At the government's request, the district court stayed the § 2255 proceedings until the Supreme Court decided, in
 
 Beckles v. United States
 
 , --- U.S. ----,
 
 137 S. Ct. 886
 
 ,
 
 197 L.Ed.2d 145
 
 (2017), that the residual clause in the advisory career offender guidelines was
 
 not
 
 subject to a Fifth Amendment vagueness challenge. After
 
 Beckles
 
 , the government opposed Smith's § 2255 motion, conceding that his Count 3 ACCA sentence was no longer valid under
 
 Johnson
 
 but arguing that he was not entitled to § 2255 relief because appellate counsel did not provide ineffective assistance and because Smith was not entitled to sentencing relief under the concurrent sentence doctrine.
 

 Agreeing with the government, the district court denied Smith's § 2255 motion. Smith did not establish ineffective assistance of appellate counsel, the court concluded, because counsel's failure to anticipate
 
 Johnson
 
 's change in the law did not constitute deficient performance. Although Smith's ACCA sentence on Count 3 was no longer valid after
 
 Johnson
 
 , the concurrent sentence doctrine applied, the court concluded, because
 
 Beckles
 
 had foreclosed Smith's challenge to his concurrent career offender sentence on Count 1. Therefore, "even if the court ... granted Smith relief on count 3, his imprisonment term would remain the same because his conviction on count 1, which is still valid, is the same as his sentence for count 3." We granted a certificate of appealability on these issues. Reviewing
 
 de novo
 
 , we affirm.
 

 I. The Concurrent Sentence Doctrine Issue.
 

 Smith's § 2255 motion argued that both his Count 1 career offender sentence and his Count 3 ACCA sentence must be vacated under
 
 Johnson
 
 .
 
 Beckles
 
 established that
 
 Johnson
 
 provides no basis for § 2255 relief from the Count 1 career offender sentence under the advisory guidelines. The district court therefore invoked the discretionary concurrent sentence doctrine to deny sentencing relief. That doctrine "allows courts to decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor 'would not reduce the time he is required to serve' or otherwise 'prejudice him in any way.' "
 
 Eason v. United States
 
 ,
 
 912 F.3d 1122
 
 , 1123 (8th Cir. 2019), quoting
 
 United States v. Olunloyo
 
 ,
 
 10 F.3d 578
 
 , 581-82 (8th Cir. 1993). Here, as in
 
 Eason
 
 ,
 
 912 F.3d at 1123
 
 , Smith did not challenge the validity of his Count 3 conviction for being a felon in possession of a firearm, and reducing his ACCA sentence on Count 3 would not affect his total sentence because the concurrent 220-month sentence on Count 1 and consecutive 60-month sentence on Count 2 are still valid.
 

 On appeal, Smith argues that he is entitled to have his entire sentence vacated because the concurrent sentences on Counts 1 and 3 are "interdependent." Smith repeatedly asserts that his sentence on Count 1 "was impacted by the unlawful ACCA enhancement" on Count 3. But repeating this assertion does not make it true. Under the Guidelines in effect when he was sentenced, Smith's total offense level on Count 1 standing alone, with the career offender enhancement, was 37; on Count 3 standing alone, with the ACCA enhancement, it was 34.
 
 Compare
 
 USSG § 4B1.1(b)(1),
 
 with
 
 USSG § 4B1.4(a)(3). The enhancements put Smith in criminal history category VI on both counts.
 
 See
 
 USSG §§ 4B1.1(b), 4B1.4(c)(2). The Count 1 enhanced offense level of 37 resulted in an advisory guidelines range of 360 months to life under § 4B1.1(c)(3) ; § 4B1.1(c)(2) added the mandatory consecutive 60-month sentence for Count 2, making the advisory guidelines range for Count 1
 
 alone
 
 420 months to life. Counts 1 and 3 were grouped under § 3D1.2(c), resulting in concurrent ranges of 420 months to life for each Count. Thus, Count 3 did not increase the guidelines sentence for Count 1; if anything, the opposite was true. Moreover, the typical impact of an ACCA enhancement -- its mandatory minimum fifteen-year sentence -- had no impact in this case because Smith's total sentence was far above fifteen years, before and after the district court granted a 200-month downward variance. Indeed, at sentencing, defense counsel urged the court to impose a fifteen-year sentence.
 

 Smith further argues the district court abused its discretion in applying the concurrent sentence doctrine because, with his Count 3 sentence vacated under
 
 Johnson
 
 , he is entitled to a full resentencing under the sentencing package doctrine. At that resentencing, Smith asserts, the current career offender guidelines would apply. Therefore, because the Sentencing Commission eliminated the career offender residual clause after
 
 Johnson
 
 , his Count 1 sentence would not be subject to the career offender enhancement. This establishes prejudice, Smith argues, so the concurrent sentence doctrine does not apply. He urges us to vacate his sentence and remand for
 
 de novo
 
 resentencing.
 

 Under the sentencing package doctrine, when a defendant successfully attacks one but not all counts of conviction on appeal, we "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in
 
 18 U.S.C. § 3553
 
 (a)."
 
 United States v. McArthur
 
 ,
 
 850 F.3d 925
 
 , 943 (8th Cir. 2017), quoting
 
 Greenlaw v. United States
 
 ,
 
 554 U.S. 237
 
 , 253,
 
 128 S.Ct. 2559
 
 ,
 
 171 L.Ed.2d 399
 
 (2008). Here, Smith's
 
 conviction
 
 on Count 3 was not vacated, and the district court properly held that the Count 1 sentence was not open to challenge under
 
 Beckles
 
 . At the initial sentencing, the district court emphasized that the concurrent 220-month sentences on Counts 1 and 3 were based on the § 3553(a) sentencing factors, not on the ACCA and career offender determinations. The court explicitly stated "that it would have imposed the same sentence had it sustained defendant's ... objections." Thus, the record gives us no basis to conclude that the district court abused its discretion in not ordering a complete resentencing.
 
 See
 

 Wright v. United States
 
 ,
 
 902 F.3d 868
 
 , 872-73 (8th Cir. 2018) ;
 
 cf.
 

 United States v. Dace
 
 ,
 
 842 F.3d 1067
 
 , 1069-70 (8th Cir. 2016) (career offender error harmless where district court "made clear that it relied on the § 3553(a) factors -- independent of the Guidelines range").
 

 II. The Ineffective Assistance of Appellate Counsel Issue.
 

 Smith argues that his appellate counsel provided constitutionally ineffective
 assistance by failing to inform this court on direct appeal that Smith's sentence might be affected by the Supreme Court's impending decision in
 
 Johnson
 
 . The district court ruled that Smith failed to establish that appellate counsel provided ineffective assistance, relying on our prior decisions holding that "[t]he failure of counsel to anticipate a rule of law that has yet to be articulated does not render counsel's performance professionally unreasonable."
 
 Allen v. United States
 
 ,
 
 829 F.3d 965
 
 , 967 (8th Cir. 2016) (citations omitted). We agree.
 

 There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 689,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984). Smith argues that appellate counsel knew or should have known that the Supreme Court had granted certiorari in
 
 Johnson
 
 and that its decision could potentially impact whether the district court erred in overruling Smith's objection to counting his fleeing convictions as violent felonies and crimes of violence. However, we have upheld the denial of appellate ineffective assistance claims in analogous circumstances.
 
 See
 

 Walker v. United States
 
 ,
 
 810 F.3d 568
 
 , 577 (8th Cir. 2016) ;
 
 Johnson v. Armontrout
 
 ,
 
 923 F.2d 107
 
 (8th Cir. 1991).
 

 For the foregoing reasons, the judgment of the district court denying Smith's motion to vacate his sentence is affirmed. We deny his Motion To Supplement the Record on Appeal.
 

 The Honorable David S. Doty, United States District Judge for the District of Minnesota.