# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1239

_____

Mahdi Hassan Ali

*Petitioner - Appellant*

v.

Tom Roy

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 9, 2019
Filed: February 19, 2020

_____

Before SMITH, Chief Judge, LOKEN and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

After the Minnesota Supreme Court affirmed Mahdi Hassan Ali's sentence, he applied for habeas relief under 28 U.S.C. § 2254. The district court[1] denied his application and Ali appealed. We affirm.

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

# I. Background

Mahdi Hassan Ali shot and killed three people during an attempted robbery in Minneapolis. He was a juvenile at the time, but was old enough — at least sixteen — to be prosecuted for murder by the state of Minnesota. He was eventually given three consecutive life sentences, each permitting his early release after thirty years. The result is that Ali must remain in prison for at least ninety years.

Ali appealed his sentence to the Minnesota Supreme Court. Relying on recent United States Supreme Court precedent, Ali noted that the Eighth Amendment forbids life-without-parole sentences for juvenile defendants unless they are irreparably corrupt. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 726 (2016); *Miller v. Alabama*, 567 U.S. 460, 479–80 (2012). As such, Ali explained, a sentencing court must conduct a hearing to consider the juvenile defendant's youth as a mitigating factor before imposing a life-without-parole sentence. *See Montgomery*, 136 S. Ct. at 734–35. Ali never received such a hearing, and he argued his sentence — at least 90 years of imprisonment — was the "functional equivalent" of life-without-parole. Ali therefore maintained that his sentence violated the Eighth Amendment.

The Minnesota Supreme Court rejected Ali's argument. *See State v. Ali*, 895 N.W.2d 237, 246 (Minn. 2017). It noted that *Miller* and *Montgomery* only expressly applied to juveniles sentenced to life-without-parole, and that Ali was not sentenced to life-without-parole. *Id.* at 241–42. Moreover, it explained, United States Supreme Court dicta — which has since been adopted in several jurisdictions — suggests the cumulative effect of multiple sentences is irrelevant to Eighth Amendment analyses. *Id.* at 242, 245 (citing *O'Neil v. Vermont*, 144 U.S. 323, 331 (1892)). The Minnesota Supreme Court therefore declined to apply *Miller* and *Montgomery* to Ali's case. *Id.* at 246. Ali's sentence, the court concluded, was constitutionally valid. *Id.*

Ali applied for habeas relief under 28 U.S.C. § 2254, claiming his sentence violated the Eighth Amendment. The district court denied his application.

## II. Analysis

On appeal from a district court's ruling on a habeas petition, "we review the district court's findings of fact for clear error, and its conclusions of law *de novo*." *Escobedo v. Lund*, 760 F.3d 863, 868 (8th Cir. 2014).

Ali may obtain relief by showing the Minnesota Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In *White v. Dingle*, we explained the § 2254(d)(1) standard:

> Under § 2254(d)(1), a state court decision is "contrary to" clearly established federal law when the state court (1) "arrives at a conclusion opposite to that reached by the Supreme Court on a question of law;" or (2) "decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." A decision is an "unreasonable application" of clearly established federal law when the state court "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

757 F.3d 750, 754 (8th Cir. 2014) (cleaned up) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)).

"Our review of state court rulings under [§ 2254] is 'highly deferential.'" *Fenstermaker v. Halvorson*, 920 F.3d 536, 540 (8th Cir. 2019) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). The Minnesota Supreme Court gets the

"benefit of the doubt" unless Ali shows that its ruling "was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 540 (alteration in original) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

We begin by laying out the "clearly established Federal law" regarding the Eighth Amendment. 28 U.S.C. § 2254(d)(1). According to *Montgomery v. Louisiana* and *Miller v. Alabama*, sentencing a juvenile to life-without-parole violates the Eighth Amendment "for all but 'the rare juvenile offender whose crime reflects irreparable corruption.'" *Montgomery*, 136 S. Ct. at 734 (quoting *Miller*, 567 U.S. at 479–80). When a juvenile faces a potential life-without-parole sentence, "[a] hearing where 'youth and its attendant characteristics' are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not." *Id.* at 735 (quoting *Miller*, 567 U.S. at 465).

The question, then, is whether the Minnesota Supreme Court's refusal to apply *Miller* and *Montgomery* to Ali's case was unreasonable. If possible fairminded disagreement exists about whether *Miller* and *Montgomery* require a hearing before imposing multiple consecutive sentences "functionally equivalent" to life-without-parole, we must deny Ali's application. *See Fenstermaker*, 920 F.3d at 540.

We cannot find the Minnesota Supreme Court's decision unreasonable. As the Minnesota Supreme Court pointed out, Ali's case is distinguishable from *Miller* and *Montgomery*. Unlike the *Miller* and *Montgomery* defendants, Ali received three life sentences for three separate murders, each permitting possible release after thirty years. *See Montgomery*, 136 S. Ct. at 726; *Miller*, 567 U.S. at 469. He does not face a life-without-parole sentence. And the United States Supreme Court has not "clearly established" that the rule in *Miller* and *Montgomery* applies to consecutive sentences functionally equivalent to life-without-parole. 28 U.S.C. § 2254(d)(1); *see also*

*Miller*, 567 U.S. at 479 (forbidding "*a sentencing scheme* that *mandates* life in prison without possibility of parole for juvenile offenders") (emphasis added).

Ali sees this as a distinction without a difference. In either case, he argues, he will be in prison for the rest of his life. He contends that the principles articulated in *Miller* and *Montgomery* apply to all cases in which a juvenile — whether convicted of one crime or many — is sentenced to spend the rest of his life in prison. We disagree. In *Miller* and *Montgomery*, the United States Supreme Court relied entirely on the principle of proportionality when finding mandatory life-without-parole sentences for juveniles unconstitutional. Under the Eighth Amendment, the Court held, "'punishment for crime should be graduated and proportioned' to both the offender and the offense." *Miller*, 567 U.S. at 469 (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)); *see also Montgomery*, 136 S. Ct. at 726 (explaining that "a lifetime in prison is a disproportionate sentence for all but the rarest of children"). Because Ali never received a life-without-parole sentence, a court could reasonably conclude that *Miller* and *Montgomery* do not apply.

The following example illustrates this point. Suppose Juvenile A and Juvenile B are in all respects identical. They both commit an identical murder. Each is sentenced to life imprisonment with possible release after thirty years. So far, there is no Eighth Amendment violation; the punishment is not disproportionate. But suppose Juvenile B had also committed two additional murders, each in relevant respects identical to the first. And he was also sentenced to life imprisonment with possible release after thirty years for each of those additional murders. According to Ali, Juvenile A's sentence is perfectly fine, but Juvenile B's sentence violates the Eighth Amendment. That is, Ali argues the court should find a constitutional violation even when we hold constant for each murder the punishment, the culpability of the offender, and the seriousness of the offense. The alleged unconstitutionality of Ali's sentence thus appears to be based on some factor independent of its proportionality. His argument, therefore, extends beyond the principles underlying

*Miller* and *Montgomery*. *See Miller*, 567 U.S. at 469–71 (examining a sentence's proportionality by examining the culpability of the offender, the seriousness of the offense, and the severity of the punishment); *cf. Solem v. Helm*, 463 U.S. 277, 292 (1983) (explaining that proportionality can be reviewed by comparing sentences of defendants convicted of the same crimes). One could therefore reasonably conclude that Ali's situation is not covered by *Miller* and *Montgomery*.

The Minnesota Supreme Court also supported its decision by citing *O'Neil v. Vermont*, which recited — without adopting — the rule that cumulative effects of multiple sentences are not material to Eighth Amendment proportionality analyses. *Ali*, 895 N.W.2d at 242, 245 (citing *O'Neil*, 144 U.S. at 331) ("It would scarcely be competent for a person to assail the constitutionality of the statute prescribing a punishment for burglary, on the ground that he had committed so many burglaries that, if punishment for each were inflicted on him, he might be kept in prison for life.")). As the Minnesota Supreme Court recognized, many jurisdictions have similarly adopted *O'Neil*'s dicta when rejecting Eighth Amendment challenges. *Id.* at 245 (collecting pre-*Miller* juvenile cases and adult cases from Colorado, Ohio, South Dakota, and the Second and Tenth Circuits); *see also Starks v. Easterling*, 659 F. App'x 277, 280–81 (6th Cir. 2016) (unpublished) (rejecting, in a post-*Miller* § 2254 case, a juvenile's cumulative-effect argument without referencing *O'Neil*). Under *O'Neil*'s logic, *Miller* and *Montgomery* simply do not apply to Ali's case. Ali was not given the typically-disproportionate sentence of life-without-parole; he was given three life sentences, each permitting release after thirty years. *Cf. Wright v. United States*, 902 F.3d 868, 872 (8th Cir. 2018) (distinguishing a juvenile's unconstitutional life-without-parole sentence from a juvenile's possibly-constitutional lengthy-term-of-years sentence). The cumulative effect of the sentences, according to *O'Neil*'s dicta, is simply not material to proportionality under the Eighth Amendment.

We recognize that some courts have nevertheless applied *Miller* and *Montgomery* to juveniles not sentenced to life-without-parole. *See, e.g.*, *McKinley v. Butler*, 809 F.3d 908, 909–11, 914 (7th Cir. 2016); *State v. Zuber*, 152 A.3d 197, 212–15, (N.J. 2017); *Bear Cloud v. State*, 334 P.3d 132, 136, 141–42 (Wyo. 2014). But Ali cannot merely show that courts disagree about the contours of the Eighth Amendment. Rather, he must show that the Minnesota Supreme Court's decision "was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Fenstermaker*, 920 F.3d at 540 (quoting *Harrington*, 562 U.S. at 103). He has not done so. *Miller* and *Montgomery* only explicitly applied to juveniles facing life-without-parole sentences; reason does not mandate their application to Ali's multiple lesser sentences.

## III. Conclusion

Ali has failed to establish that the Minnesota Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We therefore affirm the district court's denial of relief.

---