# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3875
_____

United States of America

*Plaintiff - Appellee*

v.

Robert James Jefferson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 20, 2022
Filed: February 21, 2023

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

LOKEN, Circuit Judge.

In the early 1990s, Appellant Robert James Jefferson joined the 6-0 Tres Crips, a violent St. Paul gang led by Jefferson's half-brother, Robert George Jefferson,[1] that distributed cocaine and crack cocaine throughout the Twin Cities and engaged in

_____

[1]To avoid confusion, we will refer to Appellant as Jefferson and his half-brother as George.

numerous acts of violence, including the firebombing murder of five young children in February 1994, when Jefferson was sixteen. Jefferson and George committed the firebombing to retaliate against a fellow member for breaking the gang's code of silence. Following a six-week trial in 1998, a federal jury convicted Jefferson of twelve crimes he committed as part of the 6-0 Tres Crips, including the five murders (Counts 51-55) and conspiracy to distribute cocaine and crack cocaine (Count 2). Under the mandatory sentencing guidelines then in effect, the district court[2] imposed statutory maximum life imprisonment sentences on those counts. See 18 U.S.C. § 1959(a)(1) (1988); 21 U.S.C. §§ 846, 841(b)(1)(A) (1988). On direct appeal, we affirmed Jefferson's convictions and sentence (and, with one exception, the convictions and sentences of four co-defendants). United States v. Jefferson, 215 F.3d 820 (8th Cir.), cert. denied, 531 U.S. 911 (2000). We later denied his 2003 and 2004 motions for post-conviction relief under 28 U.S.C. § 2255.

In Miller v. Alabama, 567 U.S. 460 (2012), the Supreme Court held that imposing a mandatory life sentence without the possibility of parole on a juvenile violates the Eighth Amendment. In 2013, Jefferson petitioned for § 2255 relief, arguing he should be resentenced under Miller, a decision subsequently made retroactive in Montgomery v. Louisiana, 577 U.S. 190 (2016). The district court vacated Jefferson's sentence and, after a two-day sentencing hearing, varied downward from the now advisory guidelines range of life in prison and resentenced Jefferson to terms of 600 months imprisonment (50 years) for the firebombing murder convictions, 120 months for the cocaine conspiracy conviction, 48 months on each of two other counts, 120 months on each of three other counts, and 240 months on the last count, all to be served concurrently. United States v. Jefferson, No. 97-276-04-MJD, 2015 WL 501968 (D. Minn. Feb. 5, 2015). We affirmed. United States v. Jefferson, 816 F.3d 1016 (8th Cir. 2016), cert. denied, 137 S. Ct. 2290 (2017).

---

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

In a *pro se* motion filed in May 2021, Jefferson sought § 2255 relief under Section 404 of the First Step Act of 2018, which made relief under Sections 2 and 3 of the Fair Sentencing Act of 2010 available to eligible defendants sentenced prior to 2010. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Jefferson claimed that Section 2 of the Fair Sentencing Act reduced the mandatory minimum penalties for his Count 2 cocaine conspiracy offense by raising the drug quantity needed to trigger the mandatory minimum sentence from 50 grams to 280 grams of cocaine base. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372. Count 2 is therefore a covered offense making him eligible for the grant of discretionary First Step Act relief, Jefferson argued. He urged the district court to reduce his 600-month sentence to time served plus five years of supervised release. The government concedes that Count 2 is a covered First Step Act offense.

Invoking the concurrent sentence doctrine, the district court denied First Step Act relief. Noting it had previously denied George's First Step Act application for a "full resentencing," the court found that Jefferson's concurrent 600-month sentences on the five murder counts remain valid, and the court would not reduce the sentences on the murder counts if the sentence on the drug count was reduced. Jefferson's sentence has already been reduced from life to 50 years, the court explained, "and the arguments he makes for a further reduction . . . were all considered by the Court at his 2015 resentencing." United States v. Jefferson, No. CR 97-276-4-MJD, 2021 WL 5494652, at *3 (D. Minn. Nov. 23, 2021).

Jefferson appeals this Order, raising a single issue on appeal: "The District Court abused its discretion by employing the concurrent sentence doctrine to avoid resentencing Mr. Jefferson." Reviewing the district court's use of the concurrent sentence doctrine for an abuse of discretion, we conclude the court applied the doctrine consistent with controlling Eighth Circuit decisions and therefore affirm. See Smith v. United States, 930 F.3d 978, 981 (8th Cir. 2019) (standard of review).

"The concurrent sentence doctrine allows courts to decline to review the validity of a concurrent conviction *or sentence* when a ruling in the defendant's favor 'would not reduce the time he is required to serve' or otherwise 'prejudice him in any way.'" Eason v. United States, 912 F.3d 1122, 1123 (8th Cir. 2019) (emphasis added), quoting United States v. Olunloyo, 10 F.3d 578, 581-82 (8th Cir. 1993). When the defendant's underlying challenge is to the validity of a concurrent conviction, we apply the doctrine "only when there was no possibility of prejudicial collateral consequences attendant upon the [challenged] convictions." Oslund v. United States, 944 F.3d 743, 746 n.2 (8th Cir. 2019) (cleaned up). The Supreme Court's decision that the special assessment imposed on each count of conviction constitutes sufficient prejudice to require § 2255 review of a concurrent conviction's validity "had the practical effect of eliminating the doctrine from challenges to concurrent convictions." Id. at 748 (Arnold, J., dissenting); id. at 746 n.2; see Ray v. United States, 481 U.S. 736, 737 (1987). Here, however, there is no challenge to the validity of Jefferson's Count 2 conviction. He seeks First Step Act relief based on the Fair Sentencing Act's impact on his Count 2 sentence.

When the challenge is to the validity of a concurrent sentence, the prejudicial consequences inquiry turns on whether a § 2255 ruling in defendant's favor would "reduce the time he is required to serve or otherwise prejudice him in any way." Eason, 912 F.3d at 1123 (cleaned up). As the Fourth Circuit described this standard:

> [T]he doctrine still has continuing force as a species of harmless-error review where a defendant seeks to challenge the legality of a *sentence* that was imposed for a valid conviction, but where the challenged sentence runs concurrently with a valid sentence of an equal or greater duration.

United States v. Charles, 932 F.3d 153, 160 (4th Cir. 2019) (emphasis in original); accord United States v. Stuckey, No. 20-1565, 2021 WL 2470308, at *2 (6th Cir. Feb.

8, 2021); United States v. Parker, 993 F.3d 595, 607 (8th Cir. 2021). That is the situation presented by this appeal.

Jefferson argues that retroactive application of Section 2 of the Fair Sentencing Act makes his sentence on Count 2 invalid because it reduces, indeed eliminates, the mandatory minimum sentence of ten years by changing the now advisory guidelines range from 10 years to life to zero to 20 years. Assuming Jefferson is correct, but not deciding the issue, the district court noted that the concurrent sentences on his eleven other counts of conviction are not affected by the Fair Sentencing Act as made applicable by § 404 of the First Step Act and then properly addressed the critical concurrent-sentence-doctrine question -- whether a ruling in Jefferson's favor would "reduce the time he is required to serve or otherwise prejudice him in any way." Eason, 912 F.3d at 1123 (cleaned up).

Jefferson argued the court should "resentence him on all counts" for the same reasons he argued for a reduced sentence in 2015 -- disparity between his sentence and those of less culpable co-defendants, his status as a juvenile under Miller v. Alabama, the length of time he has served, and his substantial rehabilitation, including a discipline-free record while in custody. In effect, Jefferson asked the court to reconsider its 2015 resentencing decision that we affirmed on appeal. He argued that "[n]othing in the text of the First Step Act requires a sentencing guideline to have changed for a court to consider whether to reduce an aggregate term of imprisonment." If he only faced a 20-year statutory maximum on the cocaine conspiracy conviction when he was resentenced, this might have favorably affected the district court's resentencing on the murder counts.

In denying First Step Act relief, the district court squarely addressed these contentions. The court explained that "the arguments [Jefferson] makes for a further reduction . . . were all [expressly] considered by the Court" in its Miller factors and Section 3553(a) analysis at Jefferson's 2015 resentencing hearing. Jefferson, 2021

-5-

WL 5494652, at *3.[3]   The court again rejected Jefferson's sentencing disparity arguments on the merits, distinguishing his case from two co-defendants who benefitted from the First Step Act.  Noting it had previously applied the concurrent sentence doctrine in denying George's First Step Act motion, the court expressly found it would not reduce Jefferson's sentences on the murder counts if his sentence on the drug count was reduced.  Id. at *2-3.

A district court considering whether to exercise its First Step Act discretion conducts a "complete review," not a full resentencing.  United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020).  "A complete review . . . means that a district court considered [Jefferson's] arguments . . . and had a reasoned basis for its decision." United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020) (quotation omitted). Reducing Jefferson's 120-month sentence on Count 2 would not *require* the court to reduce the length of his other concurrent sentences.  He points to no other evidence of potential prejudice.  When, as here, the district court ruling on a First Step Act motion initially sentenced the defendant and later granted a sentence reduction, the court's "plain statement" that it declined to exercise its discretion to grant a further reduction "closes the matter."  United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020); see United States v. Downs, 830 F. App'x 482, 483-84 (8th Cir. 2020). The district court properly treated the concurrent sentence doctrine as "a species of harmless-error review."  Charles, 932 F.3d at 160.  As it applied the proper analysis in invoking the doctrine, and its analysis is consistent with our First Step Act precedents, there was no abuse of its broad First Step Act discretion.

The Order of the district court dated November 23, 2021 is affirmed.

_____

_____

[3]Likewise, we expressly considered these arguments in concluding that the district court's 600-month sentence was not substantively unreasonable.  Jefferson, 816 F.3d at 1020-21.